**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BENNY E. JAY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 1:22-cv-00447** |
| **v.** | § | |
| | § | |
| **WELLS FARGO BANK, NATIONAL** | § | |
| **ASSOCIATION AS TRUSTEE FOR** | § | |
| **OPTION ONE MORTGAGE LOAN** | § | |
| **TRUST 2006, ASSET-BACKED** | § | |
| **CERTIFICATES, SERIES 2006-2,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1446(a), Wells Fargo Bank, National Association, as Trustee for Option One Mortgage Loan Trust 2006, Asset-Backed Certificates, Series 2006-2 ("Wells Fargo or "Defendant") files this notice of the removal of this action from the 419th Judicial District Court, Travis County, Texas. Defendant submits this Notice in support of its removal. Removal is based on diversity jurisdiction. Defendant respectfully shows as follows:

## <u>INTRODUCTION</u>

1.      On or about May 2, 2022, Plaintiff filed his *Plaintiff's Original Petition for Declaratory Judgment and Application for Temporary Restraining Order and Injunctive Relief* in Cause No. D-1-GN-22-002024 in the 419TH Judicial District Court, Travis County, Texas, styled *Benny E. Jay v. Wells Fargo Bank, National Association, as Trustee for Option One Mortgage Loan Trust 2006, Asset-Backed Certificates, Series 2006-2* (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process,

pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of Exhibit B.

2.      The allegations in the Petition relate to foreclosure proceedings on the real property located at 4305 Hyridge Drive, Austin, Texas 78759 (the "Subject Property").  (*See* Petition at ¶ 11).  In the Petition, Plaintiff alleges that the scheduled foreclosure sale was unlawful due to a breach under the terms of the subject Deed of Trust (*Id*. at ¶ 25.). Plaintiff alleges that Defendant failed to provide timely information to the Internal Revenue Services so that the closing of a sale could occur (*Id*. at ¶ 30). For the alleged misconduct, Plaintiff asserts a cause of action against Defendant for breach of contract. (*Id*. at ¶ 30). Further, Plaintiff seeks a temporary restraining order to restrain Defendant from foreclosing the Property. (*Id*. at ¶¶ 35-39).  Finally, Plaintiff requested attorney's fees, court costs and expenses. (*Id.* at Prayer.).

3.      This Notice of Removal is timely because Defendant has not been served, and thirty (30) days have not expired since Defendant appeared herein, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4.      This action is removable to federal court pursuant to pursuant to the diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.      There is complete diversity among all properly joined parties.**

5.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorneys` fees.

**1.    Plaintiff and Wells Fargo are diverse.**

6.    Plaintiff resides in and is a citizen of Texas.  (*See* Petition at ¶ 1.)

7.    Wells Fargo is a national association and the trustee of a trust. A trustee that possesses "customary powers to hold, manage, and dispose of assets," is the real party in interest to a suit. Navarro Sav. Assoc. v. Lee, 446 U.S. 458, 464 (1980); see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust— controls for purposes of diversity jurisdiction. Navarro, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) (citing Navarro, 446 U.S. at 462–66). A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. Wachovia Bank, NA v. Schmidt, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348). Wells Fargo's main office is in California; thus, Defendant is a citizen of California for diversity purposes.

8.    Because Defendant and Plaintiff are citizens of different states, there is complete diversity among the parties.  *See* 28 U.S.C. § 1332(a)(1).

**B.    Plaintiff's request for injunctive relief exceed $75,000.00.**

9.    The amount in controversy exceeds the sum or value of $75,000.00.  In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow.  *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996).  Stated differently,

"the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also   Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

13.     Plaintiff seeks a temporary restraining order and seeks an injunction prohibiting a foreclosure sale on the Property.  (*See Petition* at Prayer).  Thus, through Plaintiff's request of injunctive relief, he has put an amount-in-controversy equal to the value of the Property. The Travis County Central Appraisal District values the property at $1,250,189.00. (Exhibits C, C-1.) Plaintiff's injunctive claim alone exceeds $75,000.00 and there can be no viable dispute that the amount in controversy requirement is met.

10.     Further, Plaintiff also seeks attorney's fees. (*See Petition* at Prayer). Attorneys' fees claimed under a contractual or statutory provision are included as part of the amount in controversy.  See *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (attorney`s fees authorized by statute are considered in determining the amount in controversy); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002) (though considering attorney`s fees in a putative class action, to like effect). Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum.  *See, e.g.,*

*Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas. It is facially apparent from the Petition that Plaintiff's claims exceed the jurisdictional threshold.

## VENUE

11.     Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 419th Judicial District Court, Travis County, Texas, the forum in which the removed action was pending.

## NOTICE

12.     Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 419th Judicial District Court, Travis County, Texas.

13.     The contents of Exhibit B constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: _/s/ Mark D. Cronenwett_
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **VIVIAN N. LOPEZ**
    State Bar No. PR20818
    vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## List of all Counsel of Record

For Plaintiff:

James Minerve
13276 N. Hwy 183, Ste 209
Austin, Texas 78750
(888) 819-1440 (Office)
(210) b336-5867 (Mobile)
(888) 230-6397 (Fax)
jgm@minervelaw.com

For Defendant:

Mark D. Cronenwett
Texas Bar No. 00787303
Vivian N. Lopez
State Bar No. PR20818
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)
mcronenwett@mwzmlaw.com
vlopez@mwzmlaw.com

## <u>INDEX OF DOCUMENTS ATTACHED</u>

Exhibit A    Copy of the Docket Sheet for Cause No. D-1-GN-22-002024 in the 419th Judicial District Court, Travis County, Texas;

Exhibit B    Pleadings in Cause No. Cause No. D-1-GN-22-002024 in the 419TH Judicial District Court, Travis County, Texas;

    B-1    Plaintiff's Original Petition for Declaratory Judgment and Application for Temporary Restraining Order and Injunctive Relief, filed on May 2, 2022;

    B-2    Temporary Ex Parte Restraining Order, Order to Post Bond, and Order Setting Hearing for Temporary Injunction and Temporary Order, entered on May 2, 2022;

Exhibit C    Declaration of Vivian N. Lopez

    C-1    Data Sheet from the Travis County, Texas Central Appraisal District web-site on May 9, 2022.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served via regular U.S. Mail on May 10, 2022, upon the following:

James Minerve
13276 N. Hwy 183, Ste 209
Austin, Texas 78750
jgm@minervelaw.com
*Attorney for Plaintiff*

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
